**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MORGAN HOWARTH,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CARSANARO LANDSCAPING, INC. and<br>ANTHONY CARSANARO,<br>INDIVIDUALLY,<br><br>　　　　　　Defendants. | **CASE NO.:  1:22-cv-10998** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR
ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS
CARSANARO LANDSCAPING, INC. AND ANTHONY CARSANARO**

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   STATEMENT OF FACTS .............................................................................................. 1

    a.   Plaintiff's Rights .................................................................................................... 1

    b.   Infringement by Defendants .................................................................................. 2

    c.   Procedural History ................................................................................................. 3

III.   LEGAL STANDARD FOR DEFAULT JUDGMENT ................................................... 3

IV.   ARGUMENT ................................................................................................................... 4

    a.   Plaintiff Has Established Defendants' Liability for Copyright Infringement ................. 4

   1.   Howarth Owns a Valid Copyright for the Work .......................................................... 5

   2.   Defendants Copied the Work ....................................................................................... 5

    b.   Plaintiff Has Established that Defendants' Infringement Was Willful ......................... 6

    c.   Howarth Has Established Carsanaro's Liability for Removal and Addition of False
    Copyright Management Information under 17 U.S.C. § 1202. .............................................. 7

    d.   Detailed Affidavits Establish the Amount of Damages and Other Relief Requested ..... 9

   1.   Actual Damages Are Appropriate but Insufficient for Willful Copyright Infringement ..... 9

   2.   Statutory Damages Are Appropriate for Violation of 17 U.S.C. § 1202 .......................... 11

   3.   Statutory Damages Are Appropriate for Willful Copyright Infringement ........................ 13

   4.   Full Costs And Reasonable Attorney's Fees Are Appropriate ......................................... 15

   5.   Entry of A Permanent Injunction Is Appropriate ........................................................... 16

V.    CONCLUSION ................................................................................................................. 17

## Table of Authorities

**Cases**

*3 Real View, LLC. v. 20-20 Techs., Inc.*,
   811 F. Supp. 2d 553 (D. Mass. 2011) ................................................................. 12

*17-CV115*
   (AJN), 2018 WL 1583037 (S.D.N.Y. Mar. 27, 2018) ............................................. 9

*Arista Records, Inc. v. Beker Enters.*,
   298 F. Supp. 2d 1310 (S.D. Fla. 2003) ............................................................. 21, 8

*Au Bon Pain Corp. v. Artect, Inc.*,
   653 F.2d 61 (2d Cir. 1981) ................................................................................. 5

*Barnstormers, Inc. v. Wing Walkers, LLC*,
   2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) (W.D. Tex. May 3, 2011) ..... 19

*Broad. Music, Inc. v. 11 Exch. St. LLC*,
   No. 4:19-cv-40136-DHH, 2020 U.S. Dist. LEXIS 234198 (D. Mass. Oct. 13, 2020) ....... 18, 8

*Bruce v. Weekly World News*,
   Inc., 310 F.3d 25 (1st Cir. 2002) ............................................................ 12, 14, 19

*Coxcom, Inc. v. Chaffee*,
   No. 05-107S, 2007 U.S. Dist. LEXIS 102554 (D.R.I. May 14, 2007) ................................... 17

*Danning v. Lavine*,
   572 F.2d 1386 (9th Cir. 1978) ............................................................................. 5

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ............................................................................................ 6

*Fitzgerald v. CBS Broad., Inc.*,
   491 F. Supp. 2d 177 (D. Mass. 2007) ................................................................. 18

*Homeowner Options for Mass. Elders, Inc. v. Brookline Bancorp, Inc.*,
   754 F. Supp. 2d 201 (D. Mass. 2010) ................................................................. 18

*Iconics, Inc. v. Massaro*,
   192 F. Supp. 3d 254 (D. Mass. 2016) ................................................................... 9

*In re* The *Home Rests., Inc.*, 285 F.3d (1st Cir. 2002)
   ........................................................................................................................... 5

*Joe Hand Promotions, Inc. v. Patton*,
   Civil Action No. 10-40242-FDS, 2011 U.S. Dist. LEXIS 136779 (D. Mass. Nov. 29, 2011)
   ................................................................................................................... 17-18

*Kelley v. Carr*,

567 F. Supp. 831 (W.D. Mich. 1983) ..................................................................... 5

*Leonard v. Stemtech Int'l, Inc.*,
  834 F.3d 376 (3d Cir. 2016) ........................................................................ 14

*London-Sire Records, Inc. v. Doe 1*,
  542 F. Supp.2d 153 (D. Mass. 2008) ............................................................ 7

*Mango v. BuzzFeed, Inc.*,
  970 F.3d 167 (2d Cir. 2020) ........................................................................ 11

*Ortiz-Gonzalez v. Fonovisa*,
  277 F.3d 59 (1st Cir. 2002) .......................................................................... 5

*Photographic Illustrators Corp. v. Orgill, Inc.*,
  118 F. Supp. 3d 398 (D. Mass. 2015) ..................................................... 10, 9

*Quirindongo Pacheco v. Rolon Morales*,
  953 F.2d 15 (1st Cir. 1992) .......................................................................... 6

*Sec. and Exch. Comm'n v. Tropikgadget FZE*
  *.*, 146 F. Supp. 3d 270 (D. Mass. 2015) ....................................................... 5

*Sheldon v. Plot Commerce*,
  No. 15 Civ. 5885, 2016 WL 5107072 (E.D.N.Y. Aug. 26, 2016) ........................ 17

*Techs., S.A. v. Cyrano, Inc.*,
  460 F. Supp. 2d 197 (D. Mass. 2006) ...................................................... 18, 8

*Thornton v. J. Jargon Co.*,
  580 F. Supp. 2d 1261 (M.D. Fla. 2008) ................................................... 13, 14

*Timmins Software Corp. v. EMC Corp.*,
  502 F. Supp. 3d 595 (D. Mass. 2020) ........................................................ 10

**Statutes**

17 U.S. Code § 1203 .................................................................................... 16

17 U.S.C § 1202 ........................................................ 9, 10, 11, 15, 16, 17, 23

17 U.S.C. § 102 ............................................................................................ 6

17 U.S.C. § 411 ............................................................................................ 7

17 U.S.C. § 501 ............................................................................................ 6

17 U.S.C. § 502 ....................................................................................... 1, 21

17 U.S.C. § 504 and § ................................................................. 1, 12, 15, 17, 19, 23, 3

17 U.S.C. § 505 ................................................................................................. 1, 20

17 U.S.C. § 1203 ...................................................................................... 15, 16, 17, 20

section 1498 ............................................................................................................ 21

sections 106 through 122 [17 U.S.C. §§ 106-122] ....................................................... 6

§ 2688 .................................................................................................................... 5

§§ 14.02[A]-[B] (1999) ............................................................................................ 12

**Rules**

Fed. R. Civ. P. 55 ................................................................................................. 4, 5, 6

Pursuant to Rule 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff Morgan Howarth ("Howarth"), by and through his undersigned counsel, respectfully moves the Court for an entry of default judgment in favor of Plaintiff and against Defendants Carsanaro Landscaping, Inc., and Anthony Carsanaro, individually (collectively "Defendants").  Default has been entered against Defendants by the Clerk of Court for failure to answer or otherwise defend the instant suit on January 19, 2023 (ECF 13).  Plaintiff requests that the Court award all relief requested herein against Defendants, and in support states as follows:

## I.       <u>INTRODUCTION</u>

Plaintiff initiated this action against Defendants for willful copyright infringement. Defendants are in default and the requirements for a default judgment have been met.  Based upon the declarations of Morgan Howarth ("Howarth Decl.") and Eliezer Lekht ("Lekht Decl."), Plaintiff seeks entry of default judgment for Plaintiff's claim of copyright infringement against Defendants, an award of damages pursuant to 17 U.S.C. § 504 and § 1203(c)(3)(b), an award of Plaintiffs costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and § 1203(b)(5), prejudgment interest, and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining Defendants from further infringement.


## II.      <u>STATEMENT OF FACTS</u>

### a.  **Plaintiff's Rights**

Morgan Howarth is an experienced professional photographer that resides in Washington, D.C. (Howarth Decl. at ¶ 2).  Howarth, as the sole owner and principal of Morgan Howarth Photography, creates and licenses photograph images for various uses. (Howarth Decl. at ¶ 3). In 2016, Howarth created the photograph entitled "40577_Grenata_Front_House_Day_2_F.jpg"

(the "Work"). (Howarth Decl. at ¶ 4). Howarth registered the Work with the United States

Copyright Office on January 19, 2017 and was assigned the registration number VA 2-038-489.

(Howarth Decl. at ¶ 5; Ex. 1). At all relevant times herein, Howarth owns all rights, including

copyrights, in the photographic image asserted in this action. (ECF 7 at ¶¶ 18-21; Howarth Decl.

at ¶ 6).

### b. Infringement by Defendants

Defendants Carsanaro Landscaping, Inc., and Anthony Carsanaro, individually, are a

commercial and residential landscaping company located in Haverhill, Massachusetts, and its

owner, founder, and sole officer, respectively. (ECF 7 at ¶ 4, 15-16).

On a date after the Work at issue in this action was created, but prior to the filing of this

action, Defendants copied the Work without permission. (ECF 7 at ¶ 23; Howarth Decl. at ¶ 10;

Ex. 3).  Defendants have never been licensed to use the Work at issue in this action for any

purpose. (ECF 7 at ¶ 22; Howarth Decl. at ¶ 11).

Defendants added their business name "Carsanaro Landscaping" in typed print to the

center of the Work and added their company website "carsanarolandscaping.com" to the bottom

of the Work. (ECF 7 at ¶¶52-53; Howarth Decl. at ¶10). After Defendants copied the Work, they

made further copies and distributed the Work on their company Facebook page to promote the

sale of their services. (ECF 7 at ¶ 26; Howarth Decl. at ¶ 12). Defendants copied and distributed

Howarth's copyrighted Work in connection with Defendants' business for purposes of

advertising and promoting its business, and in the course and scope of advertising and selling

services. (ECF 7 at ¶ 27; Ex. 4; Howarth Decl. at ¶ 10; Ex. 3).

On September 13, 2021, and October 12, 2021, Howarth, through counsel, notified

Defendants in writing of Howarth's copyright in the Work, and demanded that it cease the

infringing use of the Work and pay a license fee for the unauthorized use of the Work. (D.E. 7 at ¶ 31, Howarth Decl. at ¶ 13). Despite Plaintiff's repeated demands, Defendants have not compensated Howarth for Defendants' otherwise infringing use of the copyrighted Work. (*Id.*). As such, Defendants' refusal to pay for the commercial use of the Work evidences that Defendants' infringement was willful and intentional throughout, and Defendants always intended to profit from Plaintiff's Work without paying any fees for its use.

### c.  Procedural History

On June 24, 2022, Howarth filed his Complaint instituting this action against Defendants (ECF 1).  On July 20, 2022, Defendants were served with a copy of Plaintiff's Complaint and Summons. (ECF 4). On August 29, 2022, Howarth filed his First Amended Complaint. (ECF 7). On November 9, 2022, Defendants were served the summons and first amended complaint. (ECF 10). Defendants have not answered in response to Howarth's Complaint, nor have Defendants taken any action that otherwise indicates Defendants' legitimate intent to defend the suit.  On January 19, 2023, the Clerk entered default against Defendants. (ECFs 13-15).

### III.    LEGAL STANDARD FOR DEFAULT JUDGMENT

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a Default Judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55.[1] "As to the issue of liability, the entry of default constitutes an admission of all

---

[1] Fed. R. Civ. P. 55 (b)(2): In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

facts well-pleaded in the complaint." *Sec. and Exch. Comm'n v. Tropikgadget FZE.*, 146 F. Supp. 3d 270, 274–75 (D. Mass. 2015) (quoting Fed. R. Civ. P. 55(b)(2)) (internal citation omitted).

A defaulting party "is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002). Generally, a court may enter default judgment without a hearing if it "has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." *In re The Home Rests., Inc.*, 285 F.3d at 114 (1st Cir. 2002).

After an entry of default, a court may examine a plaintiff's complaint to determine whether it alleges a cause of action, assuming that all well pleaded factual allegations are true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983); *see also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 447-48 (1983). An entry of default pursuant to Rule 55(a) was entered against Defendants on January 19, 2023. (ECFs 13-15). Howarth now seeks a final default judgment under Rule 55(b).

Under Federal Rule of Civil Procedure 55(b)(2) a court, in its own discretion, may hold a hearing to "establish the truth of any averment" in the complaint. *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992).

## IV.    ARGUMENT

### a.    Plaintiff Has Established Defendants' Liability for Copyright Infringement.

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an

infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) Defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340 (1991).

### 1.  *Howarth Owns a Valid Copyright for the Work*

Plaintiff may satisfy the first prong by producing the certificates of registration, then the burden shifts to the defendant to demonstrate why the claim of copyright is invalid. *See Feist Publications*, 499 U.S. 340 (noting a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate").  Howarth registered the Work pursuant to 17 U.S.C. § 411(a) and was given a Certificate of Registration, Registration Number VA 2-038-489, issued January 19, 2017. (ECF 7 at ¶ 19; Ex. 3; Howarth Decl. at ¶ 4; Ex. 1).  Howarth's Work is thus an original and expressive pictorial work that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5).

### 2.  *Defendants Copied the Work*

The copying element of an infringement claim has two components.  *See London-Sire Records, Inc. v. Doe 1*, 542 F. Supp.2d 153, 165 (D. Mass. 2008). "First, the plaintiff must demonstrate that [he held] a valid copyright ... Second, the plaintiff must show that the defendant violated ... one of the exclusive rights held by a copyright owner." *Id*.

Plaintiff produced a copy of the Work and a copyright registration covering the Work. (Howarth Decl. ¶¶ 4-5; Ex. 1). Plaintiff has produced documents showing Defendants' unauthorized copying of the Work (ECF 7 ¶ 53; Ex. 6; Howarth Decl. ¶ 10; Ex. 3).  The produced documents show that Defendants copied, published, distributed, and altered Howarth's

Work. (*Id*.) There is no factual or subjective issue of "substantial similarity" here because the Work in question is a whole photograph and the copies made by Defendants were exact copies and the entire image was taken. (*Id*.).  Thus, Defendants undisputedly copied, altered, published, and distributed Howarth's copyrighted Work and a Final Default Judgment should be entered against Defendants.

### b.   Plaintiff Has Established that Defendants' Infringement Was Willful.

Willful infringement occurs "when a 'defendant had knowledge that his actions constituted copyright infringement or acted with reckless disregard for the copyright holder's rights.'" *Broad. Music, Inc. v. 11 Exch. St. LLC*, No. 4:19-cv-40136-DHH, 2020 U.S. Dist. LEXIS 234198, at *5 (D. Mass. Oct. 13, 2020) (quoting *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 507 (1st Cir. 2011)). Moreover, "courts have implied willfulness upon a finding of default. *Techs., S.A. v. Cyrano, Inc.*, 460 F. Supp. 2d 197, 204 (D. Mass. 2006); *see also Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (listing four cases finding willfulness in a default).

Plaintiff notified Defendants in writing of Howarth's copyrights in the Work and demanded that it cease the infringing use of the Work and pay a license fee for the unauthorized use of the Work. (ECF 7 at ¶ 31; Howarth Decl. ¶ 13). Given Plaintiff's repeated requests and Defendants' reproduction, distribution, and public display of the copyrighted Work without obtaining, or even seeking, permission from Plaintiff as copyright owner and refusal to pay a licensing fee to compensate for its use of the Work, demonstrates that Defendants had actual knowledge, or at least acted with reckless disregard, of the fact that their conduct infringed upon Plaintiffs exclusive copyrights in the copyrighted Work.

Accordingly, Defendants' default and the well-pled facts of the Complaint, which are admitted by Defendants' default, establish that Defendants' infringement of Plaintiff's Work was willful and deliberate.

### c. Howarth Has Established Carsanaro's Liability for Removal and Addition of False Copyright Management Information under 17 U.S.C. § 1202.

Count II of the Complaint alleges violation of the DMCA through Defendants' removal and use of false copyright management information ("CMI") in violation of 17 U.S.C. § 1202(a) and (b). (ECF 7 ¶¶ 47-53). To be liable for addition of false CMI under § 1202(a), a defendant "must intend to 'induce, enable, facilitate, or conceal infringement.'" *Photographic Illustrators Corp. v. Orgill, Inc.*, 118 F. Supp. 3d 398, 407 (D. Mass. 2015) (internal citations and quotation marks omitted); *See also Iconics, Inc. v. Massaro*, 192 F. Supp. 3d 254, 271 (D. Mass. 2016). *Aaberg v. Francesca's Collections, Inc.*, 17-CV115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018) ("[T]o state a claim under ...§ 1202(a), [the plaintiff] must allege that the defendant both knew that the CMI was false, and provided or distributed the false CMI with the intent to induce, enable, facilitate, or conceal infringement.").

Defendants knew that the addition of its business's CMI consisting of "Carsanaro Landscaping" was unauthorized and Defendants distributed the Work containing the false CMI with the intent to induce, enable, facilitate, or conceal infringement of the Work in violation of 17 U.S.C § 1202(a).

Section 1202(b) of the Copyright Act prohibits the removal or alteration of CMI providing that "[n]o person shall, without the authority of the copyright owner or the law-(1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management

information has been removed or altered without authority of the copyright owner or the law ...

knowing ... that it will induce, enable, facilitate, or conceal an infringement of any right under

this title." 17 U.S.C. § 1202(b). *See also Photographic Illustrators Corp. v. Orgill, Inc.*, 118 F.

Supp. 3d 398, 406 (D. Mass. 2015).; Furthermore, to "establish a violation of [§ 1202(b)], a

litigant must only show (1) the existence of [copyright management information] on the

allegedly infringed work, (2) the removal or alteration of that information and (3) that the

removal was intentional." *Timmins Software Corp. v. EMC Corp.*, 502 F. Supp. 3d 595, 604 (D.

Mass. 2020) (internal citations and quotation marks omitted).

Defendants removed Howarth's CMI and added false CMI to the Work. (ECF 7 ¶ 48; Ex.

5; Howarth Decl. ¶ 10, Ex. 3). Defendants did so in order to conceal its infringement of the Work

by, among other things, making it harder to identify the owner of the Work.  (Howarth Decl. ¶

19). Defendants knowingly removed the CMI and falsified the CMI from the Work in order to

reproduce, display, and distribute the Work on its Facebook page with knowledge that it did not

have Howarth's permission to use the Work in this manner. (Howarth Decl. ¶ 16); *Mango v.

BuzzFeed, Inc.*, 970 F.3d 167, 173 (2d Cir. 2020) (affirming that Defendants had the required

knowledge and intent under § 1202 and "should have reasonably known that altering the gutter

credit to include a false attribution to Fisher's law firm would have wrongfully implied that

BuzzFeed had permission to use the Photograph, thus concealing its infringement.")  Moreover,

the Work contained Howarth's' CMI on the Work itself as a watermark and is prominently

displayed on Howarth's company website under "COPYRIGHT". (ECF 7 ¶ 48; Ex. 5; Howarth

Decl. ¶ 8; Ex. 2). Defendants removed the watermark and disregarded the copyright information

intentionally, as evidenced by the subsequent addition of their own CMI and posting on

Facebook for advertising and commercial purposes. (ECF 7 ¶ 53; Ex. 6; Howarth Decl. ¶ 10; Ex. 3).

### d. Detailed Affidavits Establish the Amount of Damages and Other Relief Requested.

In addition to the entry of default judgment against Defendants, Plaintiff requests the following relief and any other relief as the court deem just and proper.

### 1. *Actual Damages Are Appropriate but Insufficient for Willful Copyright Infringement*

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." In a copyright infringement case, actual damages "consist of all income and profits lost as a consequence of the infringement." *Bruce v. Weekly World News, Inc.*, 310 F.3d 25, 28 (1st Cir. 2002). In addition, in "some cases, a hypothetical license fee is a permissible basis for determining a plaintiff's 'actual damages' arising from an infringement." *3 Real View, LLC. v. 20-20 Techs., Inc.*, 811 F. Supp. 2d 553, 556 (D. Mass. 2011); *see also* 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, §§ 14.02[A]-[B] (1999).

A "reasonable licensing fee is generally computed by determining the fair market value. 'Fair market value' is defined as the reasonable license fee on which a willing buyer and a willing seller would have agreed for the use taken by the infringer." *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, 2020 DNH 001 (internal citations and quotation marks omitted). The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Id*.

To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors

have paid for use of similar work." *Thornton v. J. Jargon Co.,* 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (citing *Montgomery v. Noga*, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999)).

The typical range of fees Howarth receives for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet of one of its copyrighted photographs similar in quality and popularity to the Work is approximately $3,035 per year. (Howarth Decl. ¶ 14; Ex. 4). Had Defendants requested Howarth to create and license the Work to reproduce and display the copyrighted Work on its listings, Howarth would have charged at least $9,105 for use of the Work for more than two years. (*Id*.)

Howarth further declared that the licensing fees alone do not take into contemplation the scarcity of the photograph, which also increases its value in this case. Scarce images typically demand a much higher fee than common images, and in this case, the Work is scarce not only due to its high quality, but also the unique technique applied to achieve such an amazing result. (Howarth Decl. ¶ 7). Significant technical attributes were required to make the Work including; using a combination of tungsten, daylight, and strobe lights to create the best possible natural looking light to suit the needs of each room and scene. (Howarth Decl. ¶ 7). This process takes several different exposures and lighting setups per image where they are combined into one high resolution image that Howarth creates using his years of expertise and skills in photograph editing. (*Id*.)

Furthermore, the Work has lost significant value to its scarcity by the widespread and continuing dissemination resulting from Defendants' infringement. (Howarth Decl. ¶ 17). Accordingly, Howarth believes his damages to be $27,315.00 after considering a multiplier of three (3) to the licensing fees of $9,105 ($3,035.00 per year for three years). (Howarth Decl. ¶

18). *See Bruce v. Weekly World News*, 310 F.3d 25, 29 (1st Cir. 2002) (The 1st Circuit vacated the district court's judgment and remanded with directions to enter judgment for a five times multiplier of the license fee). *See also Leonard v. Stemtech Int'l, Inc*., 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times the benchmark because of the scarcity factor).

Because Defendants refused to participate in discovery or otherwise defend this matter, Plaintiff is without information to identify exactly how long and the extent of Defendants' use its Work for its own commercial purposes. Plaintiff's actual damages may be a multiple of his annual license fee and Defendants' known profits, but Defendants, through their inaction, suppressed the information necessary to identify the correct figure.

Similarly, Defendants' refusal to cooperate in discovery has prevented Plaintiff from identifying the amount of profits related to its infringing uses of Plaintiff's Work that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses.  To establish Defendants' profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". 17 U.S.C. § 504(b). Defendants solely control all information concerning Defendants' gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Defendants' refusal to appear and participate in discovery, and Plaintiff seeks an award of statutory damages for Defendants' willful infringement of Plaintiff's copyrighted Work.

   *2.  Statutory Damages Are Appropriate for Violation of 17 U.S.C. § 1202.*

Pursuant to 17 U.S.C. § 1203, Howarth may elect to recover statutory damages for Carsanaro's violation of Howarth's rights with respect to the Copyright Management Information applied to his photographs. Specifically, pursuant to 17 U.S.C. § 1203(c)(3)(B), Howarth is entitled to "statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000."

Howarth seeks at least $20,000.00 in statutory damages for Defendants' violation of the DMCA, according to 17 U.S.C. § 1203(c)(3)(B). As set forth above, Defendants reproduced and publicly displayed the copyrighted Work on its Facebook Page in at least two separate occasions, after removing Howarth's CMI and adding their own CMI to the Work. (ECF 7 ¶ 53; Ex. 6; Howarth Decl. ¶¶ 16-19). Removing Howarth's CMI constituted a violation of 17 U.S.C. § 1202(b). The unauthorized addition of Defendants CMI constituted a violation of 17 U.S.C. § 1202(a). Pursuant to 17 U.S. Code § 1203(c)(3)(b), Howarth is entitled to "an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S. Code § 1203(c)(3)(b). Defendants posted the altered Work, in violation of 17 U.S. Code § 1202, on at least two separate occasions. (Howarth Decl. ¶ 10).

The falsification of the CMI interfered with Howarth's actual and prospective relationships with clients who might otherwise compensate Howarth for the licensed use of his Work. (Howarth Decl. ¶ 15). The false CMI eliminated Howarth's right and ability to control the use and transmission of the Work. Defendants falsified CMI and posted the unauthorized Work on the internet containing unauthorized CMI on at least two occasions. "At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(c)(3)(B). Therefore, Howarth requests statutory damages of $20,000.00 for

Defendants' violations of the Digital Millennium Copyright Act. *See Sheldon v. Plot Commerce*, No. 15 Civ. 5885, 2016 WL 5107072, at *17 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) (awarding maximum statutory damages of $ 25,000 per DMCA violation); *Coxcom, Inc. v. Chaffee*, No. 05-107S, 2007 U.S. Dist. LEXIS 102554, at *18 (D.R.I. May 14, 2007) (statutory damages for § 1203 are per violation).

### 3.   *Statutory Damages Are Appropriate for Willful Copyright Infringement*

Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendants' infringement of Plaintiff's exclusive rights in the copyrighted Work and enhancement of its statutory award based upon the willfulness of such infringement. Specifically, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully. In awarding enhanced damages in the context of Section 504(c)(2), deterrence of future theft is a legitimate consideration because defendants must not be allowed to display "a disregard for the governing statute and an indifference to its requirements." *Joe Hand Promotions, Inc. v. Patton*, Civil Action No. 10-40242-FDS, 2011 U.S. Dist. LEXIS 136779, at *8 (D. Mass. Nov. 29, 2011) (quoting *Charter Communs Entm't I, LLC v. Burdulis*, 367 F. Supp. 2d 16, 29 (D. Mass. 2005) (internal quotations omitted)).

When determining the amount of statutory damages to award for copyright infringement, the court may consider such factors as "(1) expenses saved and profits reaped by the defendant, (2) revenues lost by the plaintiffs, (3) the deterrent value of the award, and (4) whether the infringement was willful or innocent." *Broad. Music, Inc. v. 11 Exch. St. LLC*, No. 4:19-cv-

40136-DHH, 2020 U.S. Dist. LEXIS 234198, at *8 (D. Mass. Oct. 13, 2020) (quotations and citation omitted). "Infringement is willful when the infringer knew or should have known that [his] action was copyright infringement." *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 190-91 (D. Mass. 2007); *See also Homeowner Options for Mass. Elders, Inc. v. Brookline Bancorp, Inc.*, 754 F. Supp. 2d 201, 209 (D. Mass. 2010) ("An infringement is willful if the defendants knew or should have known that their conduct constituted copyright infringement or acted in reckless disregard of the copyright holder's rights"). The willfulness of Defendants may be inferred from their failure to appear and defend this action. *See Techs., S.A. v. Cyrano, Inc.*, 460 F. Supp. 2d 197, 204 (D. Mass. 2006).

When an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of three to five times actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendants. *See Bruce v. Weekly World News*, 310 F.3d 25, 29 (1st Cir. 2002) (The 1st Circuit vacated the district court's judgment and remanded with directions to enter judgment for a five times multiplier of the license fee). *See also Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000").

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. *See* 17 U.S.C. § 504(c)(1).  However, as discussed above, Defendants' conduct – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful. In a case where the court finds that the infringement

was committed willfully, the court in its discretion may increase the award to a sum of not more than $150,000. 17 U.S.C. § 504(c)(2). Considering the willful copyright infringement given the circumstances of the instant case, Plaintiff submits that an appropriate award of statutory damages of at least $27,315.00 under 17 U.S.C. § 504(c)(2) is appropriate to accomplish full compensation to the Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages and to deter future violations of copyright law.  The award of $27,315.00 is appropriate, as the result of a multiplier of three to the calculation of damages of $9,105.00.

### 4. *Full Costs And Reasonable Attorney's Fees Are Appropriate*

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party  . . . the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs."  Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendants' infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate. Additionally, 17 U.S.C. § 1203(b)(5) provides "the court … in its discretion may award reasonable attorney's fees to the prevailing party…," providing a second statute for an award of Plaintiff's full costs and attorney's fees.

Accordingly, Plaintiff requests the Court to award costs and attorney's fees in the amount of $14,165.00, representing costs in the amount of $1,538.50 and fees in the amount of $12,626.50 ($10,292.50 from SRIPLAW and $2,334.00 from Mr. Parker and his firm). (Lekht

Decl. ¶ 13; Ex. 6). The amount and reasonableness of the costs and fees are established by the Declaration of Eliezer Lekht, submitted concurrently herewith. (Lekht Decl. ¶¶ 14-19)

### 5.    *Entry of A Permanent Injunction Is Appropriate*

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 USCS § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. *Arista Records, Inc. v. Beker Enters.,* 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (entering permanent injunction against defendant with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future). *See also Pope v. Lewis*, No. CV 14-14373-ADB, 2017 WL 4077005, at 5 (D. Mass. Sept. 13, 2017) (Furthermore, "[a] finding of liability for copyright infringement, combined with the threat of future infringement, justifies the imposition of a permanent injunction." (citing *Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367, 371 (D. Mass. 2005)).

As established by the well-pled facts of the First Amended Complaint (ECF 7), and admitted by Defendants' default, this Court has proper jurisdiction over this action.  (ECF 7, at ¶¶ 11-14).  Defendants' conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. (ECF 7 ¶¶ 39 and 54).  For example, the ability of Defendants to use Plaintiff's Work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's work if it is already associated with a competing business; and potential

licensees of Plaintiff will not want to pay license fees to Plaintiff is they see other commercial enterprises taking and using Plaintiffs photographs for their own commercial purposes without paying any fee at all.  (Howarth Decl. at ¶ 14-17).

Accordingly, Plaintiff requests the Court to enter a permanent injunction against Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, prohibiting them from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photographs or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to enter final default judgment against Defendants and award Plaintiff at least $61,480.00 in total damages, cost and fees, representing:  statutory damages of $27,315  for Defendants' copyright infringement pursuant to 17 USC § 504;  statutory damages of $20,000 for defendants two violations pursuant to 17 U.S.C. § 1202 ($10,000 per violation); and full costs and attorney's fees totaling $14,165; permanently enjoin Defendants from infringing activities; and for any other relief the Court deem just and proper.  A proposed order is filed herewith.

Dated:  February 3, 2023                          Respectfully submitted,


By: /s/R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor

Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com


*Counsel for Plaintiff Morgan Howarth*


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 3, 2023, a true and correct copy of the foregoing document was served by US Mail to the following:

Carsanaro Landscaping Inc,
23 Hampshire Road, Unit 414
Methuen, MA 01844

Anthony Carsanaro
10 Lesley Avenue,
Methuen, MA 01844


*/s/  R. Terry Parker*
R. Terry Parker